## Steadle v. Schneider et al.

Robert F. Dilley, for plaintiff; George L. Fenner, for defendant.

VALENTINE, J., March 18, 1931.—On December 2, 1930, the plaintiff issued an attachment execution and rule for interrogatories against the above-named defendant, and Mary F. Fagan, garnishee. The attachment was issued on a judgment against the defendant for $131.07, with interest from November 30, 1928, and the præcipe filed by the plaintiff designated the number and term of the judgment as "No. 130, July Term, 1930." The judgment referred to in plaintiff's præcipe was entered to "No. 130, July Term, 1929," and through a clerical error the præcipe set forth the number and term of the judgment as "No. 130, July Term, 1930."

The attachment execution was served on the defendant and on the garnishee. The defendant, Schneider, presented a petition setting forth that he was not the defendant in the action to "No. 130, July Term, 1930," on which the attachment execution issued, and procured a rule to show cause why the attachment execution should not be dissolved.

The plaintiff made application for and procured a rule to show cause why the number and term upon which the attachment execution issued should not be amended to "No. 130, July Term, 1929," instead of "No. 130, July Term, 1930."

The defendant does not controvert the facts alleged in plaintiff's petition; on the other hand, it is conceded that the judgment in favor of the plaintiff and against the defendant, Schneider, is entered to "No. 130, July Term, 1929." It is also conceded that the præcipe for the attachment execution and all papers issued in connection with the attachment execution are correct, except that they bear the wrong number and term, "No. 130, July Term, 1930," instead of "No. 130, July Term, 1929."

At the time of the issuance of the attachment execution plaintiff was entitled to have execution for the amount of his debt on the proper judgment, and we know of no reason why the amendment should not be allowed.

"The power to amend executions so as to correct clerical misprisions is universally conceded, and frequently invoked. Indeed, it is very difficult to prescribe the limits to this salutary power possessed by the courts, of permitting amendments in their process, whether mesne or final. Conformably to this liberal attitude of the courts towards amendments generally, instances may be cited of amendments of executions with reference to errors in matters of form, in directions to the officer, in describing the date of the judgment, or of its docketing, in designating the return day, in the clause of attestation, or generally, in matters relating to the court, place or time of return:" 10 R. C. L. 1241, § 31.

In Canfield v. Breneman, 13 W. N. C. 551, the writ of attachment showed that it had been issued on a judgment recovered on October 3, 1881. An amendment was allowed to strike out the figures 1881 and substitute in lieu thereof 1883, the correct year.

Rule to show cause why the attachment execution should not be dissolved is discharged; the rule to show cause why the attachment execution should not be amended is made absolute.

From Frank P. Slattery, Wilkes-Barre, Pa.